Slip Op. 14 - 143

UNITED STATES COURT OF INTERNATIONAL TRADE

SHAH BROS., INC.,

               Plaintiff,

        v.

UNITED STATES,

               Defendant.

Before: Donald C. Pogue,
Senior Judge

Court No. 10-00205

OPINION AND ORDER

[granting in part plaintiff's motion for attorneys' fees and expenses]

Dated: December 15, 2014

      Elon A. Pollack and Kayla Owens, Stein Shostak Shostak Pollack & O'Hara, LLP, of Los Angeles, CA, for the Plaintiff.

      Edward F. Kenny, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for the Defendant. Also on the brief were Joyce R. Branda, Acting Assistant Attorney General, and Amy M. Rubin, Acting Assistant Director, International Trade Field Office.

      **Pogue, Senior Judge:**  In this action, Plaintiff Shah

Bros., Inc. ("Shah Bros.") – the prevailing party[1] – was

---

[1] See Shah Bros., Inc. v. United States, __ CIT __, 953 F. Supp. 2d 1328, 1332 (2013) (granting Defendant's motion to confess judgment in favor of Shah Bros. and explaining that "the Government has agreed to provide all the relief that is legally available to Shah Bros. – by reliquidating the merchandise in question at the tariff and tax rates claimed in the amended complaint"); Judgment & Order, ECF No. 91 (entering judgment for Shah Bros. and ordering U.S. Customs and Border Protection to reclassify the merchandise at issue as requested by Shah Bros.).

previously awarded, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (2012) ("EAJA"), compensation for attorneys' fees and expenses that it had reasonably incurred.[2]  Shah Bros. now seeks a supplemental award of the additional attorneys' fees it incurred while litigating its EAJA application (the "fee litigation").[3]  Because Plaintiff is entitled to recover attorney fees for work reasonably expended to obtain the amount previously awarded, Plaintiff's motion is granted in part.  The supplemental award is reduced to reflect excess hours and the extent of Plaintiff's success in the fee litigation.

## DISCUSSION

The prevailing party in a civil action brought by or against the United States is entitled to an award of the

---

[2] Shah Bros., Inc. v. United States, __ CIT __, 9 F. Supp. 3d 1402, 1409 (2014) ("Shah Bros. EAJA Litig.") (holding that Plaintiff Shah Bros. is entitled to a fees and expenses award pursuant to the EAJA "because Shah Bros. is the prevailing party in this civil action brought against the United States; because the United States has not shown that the agency action upon which this civil action is based – i.e., the denial of Shah Bros.' classification protest after confession of judgment in [a prior action concerning materially-identical merchandise, imported by the same importer shortly prior to this litigation] – was substantially justified; and because the Government has not shown that special circumstances exist in this case that would make a fee award unjust") (quotation marks and citations omitted); see id. at 1406 (discussing the legal framework for EAJA awards).  Familiarity with the facts and procedural posture of this case is presumed.

[3] Pl.'s Supplemental Appl. for Att'y Fees Under the [EAJA], ECF No. 108.

attorneys' fees and other expenses incurred by that party in

such action, "unless the court finds that the position of the

United States was substantially justified or that special

circumstances make an award unjust." 28 U.S.C. § 2412(d).  Here,

previous rulings have established that Plaintiff was the

prevailing party in this civil action against the United States,

and the position of the Government that gave rise to this

litigation was not substantially justified.[4]  This "single

finding that the Government's position lacks substantial

justification, like the determination that a claimant is a

'prevailing party,' . . . operates as a one-time threshold for

fee eligibility,"[5] such that "absent unreasonably dilatory

conduct by the prevailing party in any portion of the

litigation, which would justify denying fees for that portion, a

fee award presumptively encompasses *all* aspects of the civil

action," including the fee litigation.[6]  Accordingly, Shah Bros.

---

[4] Shah Bros. EAJA Litig., __ CIT at __, 9 F. Supp. 3d at 1407-08,
1409 & n.13.

[5] Comm'r, INS v. Jean, 496 U.S. 154, 160 (1990).

[6] Id. at 161 (emphasis added, quotation marks and footnote
omitted); see also id. at 162 ("Denying attorneys' fees for time
spent in obtaining them would dilute the value of a fees award
by forcing attorneys into extensive, uncompensated litigation in
order to gain any fees . . . .") (alteration, quotation marks,
and citation omitted); id. at 164 ("If the Government could
impose the cost of fee litigation on prevailing parties by
asserting a 'substantially justified' defense to fee
applications, the financial deterrent that the EAJA aims to
                                    (footnote continued . . .)

is entitled to an EAJA award that includes compensation for the

fee litigation.  The next question before the court is therefore

the appropriate magnitude of such award.

        As a threshold matter, the EAJA entitles the Plaintiff

to compensation only for work that was "reasonably expended."[7]

In this regard, the Government argues that certain entries

contained in Plaintiff's itemized fee litigation bill[8] are non-

compensable.[9]  Specifically, the Government contests entries that

reflect 1) a junior attorney working together with a senior

---

eliminate would be resurrected."); cf. Scarborough v. Principi,
541 U.S. 401, 407 (2004) ("Congress' aim, in [enacting the
EAJA], was 'to ensure that certain individuals, partnerships,
corporations . . . or other organizations will not be deterred
from seeking review of, or defending against, unjustified
governmental action because of the expense involved.'") (quoting
H.R. Rep. No. 99-120, at 4 (1985)).

[7] Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) ("The district
court . . . should exclude from [the] fee calculation hours that
were not 'reasonably expended,' . . . [such as] hours that are
excessive, redundant, or otherwise unnecessary.") (quoting
S. Rep. No. 94-1011, at 6 (1976)); Copeland v. Marshall,
641 F.2d 880, 891 (D.C. Cir. 1980) (en banc) ("Any fee-setting
inquiry begins with the 'lodestar': the number of hours
reasonably expended multiplied by a reasonable hourly rate.
. . .  Compiling raw totals of hours spent, however, does not
complete the inquiry.  It does not follow that the amount of
time *actually* expended is the amount of time *reasonably*
expended.") (emphasis in original).

[8] See Ex. A (supplemental EAJA application and itemized fee bill)
to Decl. of Elon A. Pollack, ECF No. 108 ("Pl.'s Suppl. Fee
Bill").

[9] Def.'s Resp. to Pl.'s Supplemental Appl. for Att'y Fees Under
the [EAJA], ECF No. 109 ("Def.'s Opp'n") at 2-5.

attorney; 2) work on unfiled motions; 3) performance of more than one task; and 4) preparation of the supplemental EAJA application.[10]  Each argument is addressed in turn.

First, the Government's objection to the reasonableness of work performed by a junior and senior attorney working together[11] is unpersuasive.  Indeed "it is the rule rather than the exception to have a junior and senior attorney working together on a matter,"[12] and nothing suggests any inappropriate duplication of effort here.  On the other hand, the Government is correct that no EAJA fees are recoverable for unfiled motions, and that this is the law of the case.[13]

_____

[10] Id.

[11] See Def.'s Opp'n, ECF No. 109, at 3-4 (challenging entries billing for "KO" and "EAP" working together); Shah Bros. EAJA Litig., __ CIT at __, 9 F. Supp. 3d at 1411 n.21 (noting that "KO" was the most junior attorney on the team, whereas "EAP" was the most senior attorney).

[12] Former Emps. of BMC Software, Inc. v. U.S. Sec'y of Labor, 31 CIT 1600, 1649, 519 F. Supp. 2d 1291, 1334 (2007) (quoting Ross v. Saltmarsh, 521 F. Supp. 753, 760 n.35 (S.D.N.Y. 1981), aff'd, 688 F.2d 816 (2d Cir. 1982)); Ross, 521 F. Supp. at 760 (noting that "this arrangement is the normal partner/associate or senior associate/junior associate working relationship in most legal firms").

[13] Shah Bros. EAJA Litig., __ CIT at __, 9 F. Supp. 3d at 1413 (accepting the Government's challenge to, inter alia, EAJA compensation for work on unfiled motions, for the reasons provided in the Government's annotations to Plaintiff's initial itemized fee bill); Ex. 5 (Plaintiff's itemized fee bill, annotated to reflect hours and rates contested by the Government) to Def.'s Mem. in Opp'n to Pl.'s Appl. for Att'ys Fees & Expenses Under the [EAJA], ECF Nos. 96-2 & 96-3 ("Def.'s
(footnote continued . . .)

Accordingly, time spent working on unfiled motions[14] shall be
excluded from Plaintiff's EAJA award.

　　　With regard to the billing entries reflecting
performance of more than one task,[15] the particular entries at
issue here are not so devoid of specificity, and the billing
time blocks are not so large, as to obscure the reasonableness
of the work performed.[16]  Only two of Plaintiff's supplemental

_____

Initial Objections"), at 42 (challenging entries reflecting work
on unfiled motions) (citing Gibson v. Colvin, No. 4:03-cv-90,
2013 WL 2422611 (S.D. Ga. June 3, 2013)); Gibson, 2013 WL
2422611 at *4 ("Unfiled motions, whether or not unfiled because
of strategic judgments by counsel, cannot be compensated.  They
represent miscalculation by counsel and . . . mistakes will not
be compensated under the EAJA.") (citing Hensley, 461 U.S.
at 437 (cautioning that counsel must use billing judgment in
hours worked)); see Hensley, 461 U.S. at 434 (quoting Copeland,
641 F.2d at 891 ("In the private sector, 'billing judgment' is
an important component in fee setting.  . . .  Hours that are
not properly billed to one's *client* also are not properly billed
to one's *adversary* pursuant to statutory authority.") (emphasis
in original)).

[14] See Def.'s Opp'n, ECF No. 109, at 4 (identifying entry numbers
56, 57, 58, and 61 as pertaining to unfiled motions (as numbered
in the Government's annotated reproduction of the Plaintiff's
itemized supplemental fee bill)); Ex. 1 (Plaintiff's itemized
supplementary fee bill, annotated to reflect the Government's
itemized objections) to Def.'s Opp'n, ECF No. 109-1 ("Def.'s
Annotated Fee Bill") at 5 (showing entry numbers 56, 57, 58,
and 61 – comprising 2.5 hours in total – as pertaining to
unfiled motions).

[15] See Def.'s Opp'n, ECF No. 109, at 4 (challenging billing
entries "attributed to more than one billing event")

[16] Cf. Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.,
82 F.3d 1533, 1554 n.15 (10th Cir. 1996) ("'Block billing'
refers to the time-keeping method by which each lawyer and legal
assistant enters the total daily time spent working on a case,
                                        (footnote continued . . .)

billing entries exceed 3 hours,[17] most contain no more than two separate (though often related) tasks, and each entry reflects work reasonably expended when the time billed is considered to have been divided evenly among the tasks listed therein.[18]

---

rather than itemizing the time expended on specific tasks."); Wise v. Kelly, 620 F. Supp. 2d 435, 450 (S.D.N.Y. 2008) ("Although not prohibited, block-billing [sometimes] makes it exceedingly difficult for courts to assess the reasonableness of the hours billed.") (quotation marks and citations omitted).

[17] Cf., e.g., Noel v. Hall, No. 3:99-cv-00649-AC, 2013 WL 5376542, at *6 (D. Or. Sept. 24, 2013) (permitting block-billed entries under three hours because, "[a]lthough cautioning against this practice, the court may excuse this method when the billing period is no more than three hours") (quoting Sterling Savings Bank v. Sequoia Crossing, LLC, Civ. No. 09-555-AC, 2010 WL 3210855, at *5 (D. Or. Aug. 11, 2010) ("[W]hile billing periods of three hours or more may be subject to exclusion, the court is more lenient with smaller blocks of time, which it may divide by the total number of included tasks in order to find the length of time required for each individual task.") (citation omitted)). Here, Plaintiff's supplemental fee bill contains two entries comprising four-hour increments, each of which lists two arguably related tasks. See Def.'s Annotated Fee Bill, ECF No. 109-1, at 4 (entry nos. 40 and 42) (billing 4 hours each for "Review Libas case; continue preparing submission" and "Discuss issues with EAP; continue preparing submission," respectively).

[18] See, e.g., Def.'s Annotated Fee Bill, ECF No. 109-1, at 1 (entry no. 7) (billing 0.50 hours for "[c]orrespondence with Rebecca Demb re: court conference; discuss same with KO"); id. at 2 (entry no. 12) (billing 1.75 hours for "[d]iscuss[ing] fee application with EAP re: conference with the court; review brief"); id. (entry no. 14) (billing 2.25 hours for "research[ing] case law cited in opposition; draft[ing] notes for teleconference"); id. (entry no. 19) (billing 2.25 hours for "[p]repar[ing] for court conference; conferenc[ing] with Department of Justice and court re: fee award; review[ing] billing documents with KO and formulat[ing] settlement strategy"); id. at 4 (entry no. 47) (billing 1.50 hours for "[r]eview[ing] final submission; review[ing] government

(footnote continued . . .)

Finally, with regard to Plaintiff's claim for compensation for time spent preparing the supplemental EAJA application, the Government argues that such work is non-compensable because "[a]llowing Plaintiff to continue to request fees for work performed on supplemental applications would permit a never-ending cycle of EAJA fee requests."[19]  But "a fee award presumptively encompasses *all* aspects of the civil action" (absent unreasonably dilatory conduct by the prevailing party),[20] including those aspects related to the compensation to which the prevailing party is entitled.[21]  And compensating Plaintiff for time spent in preparing the supplemental EAJA application would not "permit a never-ending cycle of EAJA fee requests" because, as Plaintiff is not permitted any further briefing on this matter, no further work remains to be compensated.

---

submission; adjust[ing] submission based on government response").

[19] Def.'s Opp'n, ECF No. 109, at 5 (quoting Belcher v. Astrue, No. 1:09cv1234 DLB, 2011 WL 3847181, at *2 (E.D. Cal. Aug. 30, 2011), rev'd in part on other grounds, 522 F. App'x 401 (9th Cir. 2013)).

[20] Jean, 496 U.S. at 161 (emphasis added).

[21] Id.; id. at 162 (quoting Sullivan v. Hudson, 490 U.S. 877, 888 (1989) ("[Where proceedings are] necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded.")); id. at 166 ("The purpose and legislative history of the statute reinforce our conclusion that Congress intended the EAJA to cover the cost of all phases of successful civil litigation addressed by the statute.").

        But determining which of Plaintiff's fee litigation
hours were reasonably expended does not end the inquiry.
Because the court must "consider the relationship between the
amount of the fee awarded and the results obtained," fee
litigation awards should reflect the extent to which the
applicant was ultimately successful in such litigation.[22]  Thus
where (as here) the Government's challenge to Plaintiff's EAJA
application resulted in the court's recalculating and reducing
the amount of the award initially sought,[23] the subsequent fee
litigation award should generally reflect a reduction reasonably
proportionate to the applicant's degree of success.[24]

---

[22] Jean, 496 U.S. at 163 n.10 (relying on Hensley, 461 U.S.
at 437); see also Wagner v. Shinseki, 640 F.3d 1255, 1260
(Fed. Cir. 2011) ("Courts should look to the framework
established in Hensley when calculating an appropriate
supplemental fee award.") (citing Hensley, 461 U.S. at 435-39;
Jean, 496 U.S. at 161-63); Hensley, 461 U.S. at 436 ("[T]he most
critical factor [in calculating a fee award] is the degree of
success obtained."); cf. Wagner, 640 F.3d at 1260 n.3
(explaining that "[a]lthough Hensley involved the award of fees
under the Civil Rights Attorney's Fees Act of 1976, 42 U.S.C.
§ 1988, the standards set forth for awarding attorney fees 'are
generally applicable in all cases in which Congress has
authorized an award of fees to a 'prevailing party,'" and that
"[f]urthermore, although Hensley involved an initial fee
application, the fee guidelines it provides are applicable to
supplemental fee applications as well") (quoting Hensley,
461 U.S. at 433 n.7, and citing Jean, 496 U.S. at 161-63).

[23] See Shah Bros. EAJA Litig., ___ CIT at ___, 9 F. Supp. 3d
at 1411-13 (awarding fees pursuant to the EAJA but reducing both
the hourly rates and the total number of hours initially
requested by the applicant).

[24] Cf. Jean, 496 U.S. at 163 n.10 ("For example, if the
                                    (footnote continued . . .)

Here, the fee litigation proceeded, at least in part,
because Plaintiff's EAJA application was overly broad.  In its
opposition, the Government correctly identified numerous entries
in Plaintiff's itemized fee bill that were either not
compensable under the EAJA at all, or else not compensable at
the claimed hourly rates.[25]  As a result of the Government's

---

Government's challenge to a requested rate for paralegal time
resulted in the court's recalculating and reducing the award for
paralegal time from the requested amount, then the applicant
should not receive fees for the time spent defending the higher
rate."); Wagner, 640 F.3d at 1260 ("Because Hensley requires a
court to calibrate the amount of attorney fees to the degree of
success a claimant has achieved, it is generally appropriate to
make an award of supplemental fees that is commensurate with the
degree of success obtained on the original fee application.")
(citing, inter alia, Schwartz v. Sec'y of Health & Human Servs.,
73 F.3d 895, 909 (9th Cir. 1995) (affirming 50 percent reduction
to supplemental fee request where the applicant had obtained
approximately 50 percent of the fees claimed in her initial fee
application); Thompson v. Gomez, 45 F.3d 1365, 1367-69
(9th Cir. 1995) (affirming 13 percent reduction to supplemental
fee request where the applicants had received 87 percent of the
fees claimed in their initial fee application); Harris v.
McCarthy, 790 F.2d 753, 758-59 (9th Cir. 1986) (affirming
88.5 percent reduction to supplemental fee request where the
applicants had obtained only 11.5 percent of the fees claimed in
their initial fee application); Institutionalized Juveniles v.
Sec'y of Pub. Welfare, 758 F.2d 897, 924-25 (3d Cir. 1985)
(affirming 12.5 percent reduction to supplemental fee request
where the claimants did not obtain complete success on their
original fee application); Mercer v. Duke Univ., 301 F. Supp. 2d
454, 470 (M.D.N.C. 2004) (reducing supplemental fee award by
20 percent because the initial fee request was reduced by 20
percent), aff'd, 401 F.3d 199 (4th Cir. 2005)).

[25] Shah Bros. EAJA Litig., ___ CIT at ___, 9 F. Supp. 3d at 1413
("[T]he Government correctly identified the entries in
Plaintiff's itemized attorneys' bill that are not compensable by
an EAJA fee award in this case because they were related to an
(footnote continued . . .)

opposition and the ensuing fee litigation, approximately

11 percent of the attorney hours Plaintiff initially claimed

were found to be non-compensable.[26]  Accordingly, the hours

reasonably and unambiguously expended to litigate Plaintiff's

contested fee application (as documented in Plaintiff's

supplemental fee bill, excluding the 2.5 hours spent on unfiled

motions, as discussed above) shall be reduced by 11 percent, to

reflect the degree of success obtained by Plaintiff in the fee

litigation.[27]

---

unsuccessful separate claim; involved work not reasonably
related to the case; involved unreasonably vague time entries;
involved clerical work billed at attorney rates; reflected
overstaffing or duplicative work; involved work on unfiled
motions; and involved unnecessary work protracting the
litigation.") (citation omitted).

[26] Plaintiff submitted an itemized bill seeking compensation for
729.5 hours and was granted an award reflecting 650 hours.
See Ex. A (Plaintiff's initial itemized fee bill) to Decl. of
Elon A. Pollack, ECF No. 93-2, at 50; Shah Bros. EAJA Litig.,
__ CIT at __, 9 F. Supp. 3d at 1413 (granting all of the
Government's suggested reductions to the number of compensable
hours claimed in Plaintiff's EAJA application); Def.'s Initial
Objections, ECF Nos. 96-2 & 96-3 (objecting to a total of
79.5 hours claimed in Plaintiff's itemized fee bill as non-
compensable).

[27] The Government points out that "[t]he difference between the
fees that plaintiff originally requested ($311,330.00), and the
fees that plaintiff obtained following [the decision in Shah
Bros. EAJA Litig., __ CIT __, 9 F. Supp. 3d 1402] ($206,737.00),
amounts to a 33% reduction of its original request," Def.'s
Opp'n, ECF No. 109, at 5-6, and argues that "any supplemental
fee recovery should be similarly reduced." Id. at 6.  But the
33 percent reduction reflects a reduction of both the number of
hours claimed and the claimed hourly rates, whereas the
magnitude of Plaintiff's degree of success in the fee litigation
                                   (footnote continued . . .)

Accordingly, for all of the foregoing reasons, the 2.5 hours spent on unfiled motions shall be deducted as non-compensable from the 59 fee litigation hours claimed in Plaintiff's supplemental EAJA application,[28] and the remaining 56.5 compensable hours shall be reduced by 11 percent, to reflect the degree of success actually obtained in the fee

---

is better reflected by the reduction to the claimed number of compensable hours, which was based on the clear over-reach contained in the EAJA application, rather than the court's cap on the claimed hourly rates, which reflected merely a slight modification to Plaintiff's largely reasonable claim. Compare Shah Bros. EAJA Litig., __ CIT at __, 9 F. Supp. 3d at 1413 (accepting all of the Government's challenges to non-compensable hours contained in the Plaintiff's initial EAJA application), with id. at 1411 (accepting the Plaintiff's claim to a special factor enhancement of the statutory cap on the compensable hourly rate); id. (noting that evidence submitted by Shah Bros. corroborates the Plaintiff's claim that its hourly rates were "within the range of rates customarily charged for legal work in this field," and noting also that the Government submitted no contradictory evidence); id. at 1412 (granting the Plaintiff compensation at hourly rates significantly above the rates suggested by the Government); see Def.'s Mem. in Opp'n to Pl.'s Appl. for Att'ys Fees & Expenses Under the [EAJA], ECF No. 96, at 13-15 (arguing that Plaintiff should not be compensated at rates above $125 per hour); id. at 14 (arguing, in the alternative, that Plaintiff's hourly rates should be capped at $300 per hour). Cf. Jean, 496 U.S. at 163 ("[A] district court will always retain substantial discretion in fixing the amount of an EAJA award."); Wagner, 640 F.3d at 1261 ("To be sure, a court has broad discretion in awarding attorney fees, and is not bound, in all cases, to make an award of supplemental fees that is [exactly] proportionate to the degree of success obtained on the original EAJA application.") (citing Hensley, 461 U.S. at 437). Moreover, the rates to be awarded for the additional fee litigation hours reflect only the basic statutory cap. See infra note 29 and accompanying text.

[28] Pl.'s Suppl. Fee Bill, ECF No. 108, at 5 (showing total number of hours claimed).

litigation.   The remaining 50.5 compensable hours shall be compensated at the rate of $125 per hour, in accordance with the law of the case.[29]

### CONCLUSION

For the reasons provided above, Plaintiff's EAJA award in this case[30] shall be supplemented with an additional $6,312.50.[31]   Therefore, Defendant shall pay the Plaintiff a total of $223,636.79 in compensation for attorneys' fees, expenses, and costs reasonably incurred in this action.

It is SO ORDERED.

                                          /s/ Donald C. Pogue
                                     Donald C. Pogue, Senior Judge

Dated: December 15, 2014
       New York, NY

---

[29] Shah Bros. EAJA Litig., __ CIT at __, 9 F. Supp. 3d at 1413 n.32.

[30] See Shah Bros. EAJA Litig., __ CIT at __, 9 F. Supp. 3d at 1414 (awarding costs and expenses in the uncontested amount of $10,586.79, and ordering the parties to submit a joint calculation for the attorneys' fees total, in accordance with the compensable hours and rates specified in the court's opinion); Parties' Joint Statement of Amount of Fees to be Awarded to Pl. Pursuant to Ct.'s Order, ECF No. 107 ("In accordance with the Court's Opinion and Order dated September 18, 2014 (Slip Op. 14-109), Plaintiff and Defendant hereby submit that Shah Brothers is entitled to a fee award in the amount of $206,737.50.").

[31] 50.5 compensable hours at $125 per hour.